UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA EDMON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>Defendant. | No. 2:17-cv-447-EFB<br><br><br>MEMORANDUM AND ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 18 & 24. For the reasons discussed below, plaintiff's motion for summary judgment is denied and the Commissioner's motion is granted.

### BACKGROUND

Plaintiff filed applications for a period of disability, DIB and SSI, alleging that she had been disabled since July 1, 2013. Administrative Record ("AR") at 281-295. Her applications were denied initially and upon reconsideration. *Id.* at 154-159, 163-168. She filed a request for a hearing and two hearings were held before administrative law judge ("ALJ") G. Ross Wheatley. *Id.* at 35-78, 79-101. The first hearing – at which plaintiff was represented by counsel - occurred

1

on March 10, 2016. *Id.* This hearing ended after the ALJ determined that the medical record was not complete. *Id.* at 95-96. The second hearing was held on August 16, 2016. *Id*. at 36. Plaintiff was again represented by counsel and a vocational expert testified at this hearing. *Id.* at 35-78.

On September 13, 2016, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d) and 1614(a)(3)(A) of the Act.[1] *Id*. at 13-29. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.

2. The claimant has not engaged in Substantial Gainful Activity (SGA) since July 1, 2013, the Alleged Onset Date (AOD) (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

3. The claimant has the following severe impairments: Degenerative Disc Disease (DDD) of the lumbar spine, Degenerative Joint Disease (DJD) of the Right Hip, History of Syncope, Obesity, and Hypertension (20 CFR 404.1520(c) and 416.920(c)).

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the Residual Functional Capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except: she can stand/walk six hours; she can sit for approximately six hours in an eight-hour workday, with normal breaks; she can occasionally climb ladders, ropes, and scaffolds; she can frequently climb ramps and stairs; she can frequently balance, kneel, crouch, and crawl; she can stoop occasionally; she must avoid concentrated exposure to hazardous machinery and unprotected heights.

\* \* \*

6. The claimant is capable of performing Past Relevant Work (PRW) as a Correctional Officer and Counselor. This work does not require the performance of work-related activities precluded by the claimant's Residual Functional Capacity (20 CFR 404.1565 and 416.965).

\* \* \*

7. The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2013, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

*Id.* at 15-28.

Plaintiff's request for Appeals Council review was denied on April 11, 2016, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6.

## LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## ANALYSIS

Plaintiff argues that the ALJ erred by: (1) rejecting the opinions from her treating nurse practitioner without articulating sufficient justification for doing so; and (2) failing to evaluate the impact of plaintiff's obesity on her ability to function.

### I. The ALJ Provided Legally Sufficient Reasons for Rejecting the Opinion of Plaintiff's Treating Nurse Practitioner

At the time plaintiff filed her claim, nurse practitioners were not considered an acceptable medical source within the meaning of the regulations. *See* § 404.1502(a)(7) (noting that licensed advanced practice registered nurse is an acceptable medical source *only with respect to claims filed on or after March 27, 2017*); *see also* 20 C.F.R. § 404.1527. Thus, it generally holds that an ALJ is not necessarily required to treat a nurse practitioner's opinion with the same deference as a treating physician. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Instead, an ALJ must provide only "germane" reasons for discounting such opinions. *Id.* Nevertheless, under Social Security Ruling 06-03p:

> [A]n opinion from a medical source who is not an "acceptable medical source" may outweigh the opinion of an "acceptable medical source," including the medical opinion of a treating source. For example, it may be appropriate to give more weight to the opinion of

4

> a medical source who is not an "acceptable medical source" if he or
> she has seen the individual more often than the treating source and
> has provided better supporting evidence and a better explanation for
> his or her opinion.

SSR 06-03p, 2006 SSR LEXIS 5, 71 Fed. Reg. 45593, 45596 (Aug. 9, 2006). The Ninth Circuit has also reaffirmed this principle. *See, e.g., Popa v. Beryhill*, 872 F.3d 901, 907 (9th Cir. 2017) (finding that ALJ erred in disregarding opinion of a nurse practitioner who served as claimant's primary medical care provider); *Revels v. Berryhill*, 874 F.3d 648, 665 (9th Cir. 2017) ("Also, though [the nurse practitioner] is not an "acceptable medical source," she is an "other source" and there are strong reasons to assign weight to her opinion. [The nurse practitioner] was a treating source who examined [the claimant] at least ten times over two years.").

Here, the ALJ accorded little weight to the opinion of Family Nurse Practitioner Burgos – plaintiff's primary medical provider. His stated reasons for doing so were as follows:

> Ms. Burgos found that the claimant was limited to sitting, standing, and walking less than four hours a day. Yet, it does not appear that Ms. Burgos ever referred the claimant to a physician who specialized in any of the claimant's impairments. Ms. Burgos wrote an extensive list of the claimant's limitations, but her treatment records contain few observations of the claimant's level of functioning. She recorded few musculoskeletal signs. On August 14, 2014, two days after she completed the first statement for the claimant, she recorded few observations of any kind during an office visit, certainly no observations consistent with her opinion. On September 29, 2015, Ms. Burgos observed full motor strength, and a full range of motion (FROM) in the lumbar spine in every plane other than extension. Her findings do not match the opinion. Although Dr. Fadoo's name is stamped on the forms, there is little indication that Dr. Fadoo ever treated the claimant. The undersigned gives little weight to the opinion of Ms. Burgos.

AR at 25. The court finds that these reasons were legally sufficient. It is well settled that, even in the context of treating physicians, an inconsistency between the severity of a provider's findings and the level of prescribed treatment may justify discounting his or her opinion. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Similarly, inconsistencies between a provider's findings and either the medical record or their own observations may also justify rejection of their opinion. *See Mendoza v. Astrue,* 371 F. App'x 829, 831-32 (9th Cir. 2010) (ALJ properly rejected a provider's opinion after finding it "conflicted with his own observations about

5

[claimant's] mobility during the examination, and was inconsistent with the record as a whole."); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (an ALJ permissibly rejected an opinion where the treating physician offered contradictory observations).

And the ALJ's findings are supported by the record. An examining physician – Dr. Bao Q. Nguyen – found that plaintiff ambulated "without any problems" and that, with respect to her back, plaintiff's range of motion appeared to be "within normal limits." AR at 487-491. Dr. Nguyen opined that plaintiff could: (1) push, pull, lift, and carry 15 pounds occasionally and 10 pounds regularly; (2) stand and walk six out of eight working hours; (3) sit without restrictions; (4) occasionally walk on uneven terrain, climb ladders, or work with heights; (5) frequently use her hands for fine and gross manipulative movements; (6) bend, crouch, and crawl regularly; and (7) ambulate without the use of any medical device. *Id.* at 491. The findings of non-examining consulting physicians also supported Dr. Nguyen's assessment. *Id.* at 102-113, 116-126. An MRI on plaintiff's back performed in October of 2015 produced – as the ALJ noted in his decision - mild findings.[2] *Id.* at 523-524. Finally, FNP Burgos' own treatment records indicate mild findings. *See, e.g. id.* at 511 (treatment notes from October 27, 2015 – "lower back TTP decreased rotation but full [range of motion] otherwise"); 517 (treatment notes from September 29, 2015 – "lower back TTP decreased rotation but full [range of motion] otherwise").

The court notes that this is not an instance in which the ALJ summarily dismissed FNP Burgos' opinion simply because she was not a physician. Instead, he discounted her assessments only after weighing them against the record and offering specific and germane reasons.

II. The ALJ Properly Assessed the Impact of Plaintiff's Obesity

Plaintiff argues that the ALJ erred in failing to assess the impact of her obesity on her ability to function as required by SSR 02-01p. The court disagrees. The ALJ recognized plaintiff's obesity as a severe impairment and referenced it in his decision. AR at 15, 21, 24.

/////

---

[2] Plaintiff argues that this MRI "provided objective support for [plaintiff's] reports of radiating back pain and FNP Burgos's assessed limitations." ECF No. 18 at 14. This conclusory statement is supported only by a footnote citation to websites generally describing the effects of "bilateral neural foraminal narrowing." *Id.* at 14 n.4.

And, as the Commissioner points out in her motion, plaintiff has failed to point to any instance where her obesity caused functional limitations other than those considered by the ALJ. In *Burch v. Barnhart*, the Ninth Circuit rejected a similar argument after finding that the claimant had failed to set forth "any functional limitations as a result of her obesity that the ALJ failed to consider." 400 F.3d 676, 684 (9th Cir. 2005). Finally, the court notes that the ALJ's light work RFC was consistent with the findings of examining physician Nguyen who, after noting that plaintiff was obese with a body mass index of 40.2, assessed similar restrictions. AR at 20, 489-491.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 18) is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 24) is GRANTED;

3. The decision of the Commissioner is affirmed; and

4. The Clerk is directed to enter judgment in the Commissioner's favor and close the case.

DATED: September 12, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE